United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CONTRA COSTA, et al.,<br><br>　　　　Defendants. | Case No. 4:18-cv-00267-KAW<br><br>**ORDER GRANTING DEFENDANT CONTRA COSTA COUNTY'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 19 |

On June 21, 2018, Defendant Contra Costa County filed a motion to dismiss Plaintiff Felipe Hernandez's first amended complaint.

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Defendant's motion to dismiss.

## I.　BACKGROUND

On December 1, 2016, at approximately 7:00 p.m., Plaintiff Felipe Hernandez was in custody as a pretrial detainee at the Martinez Detention Facility ("MDF") in Martinez, California. (First Am. Compl., "FAC," Dkt. No. 15 ¶ 18.) Plaintiff was at the MDF intake sally-port, when he was ordered to remove his clothing. (FAC ¶ 19.) When he attempted to comply, he was struck multiple times by County deputies. *Id.* Plaintiff received medical care for his lacerations and provided medication at Contra Costa County Reginal Medical Center. (FAC ¶ 20.) As a result of his injuries, Plaintiff allegedly suffered loss of eyesight and scarring. (FAC ¶ 21.)

Plaintiff filed this action on January 11, 2018. On June 6, 2018, Plaintiff filed the first amended complaint, which contains four causes of action, all of which are alleged against the County.

1   On June 21, 2018, Defendant filed a motion to dismiss. (Def.'s Mot., Dkt. No. 19.) On July 5, 2018, Plaintiff filed an opposition to the motion to dismiss. (Pl.'s Opp'n, Dkt. No. 23.) On July 12, 2018, Defendant filed its reply. (Def.'s Reply, Dkt. No. 24.)

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

1 Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III. DISCUSSION

Defendant moves to dismiss the four causes of action for failure to state a claim. Specifically, Defendant argues that the first cause of action fails to allege facts to establish *Monell* liability against the County, that the County is immune from Plaintiff's injury claims under California Government Code § 844.6, and that the County is not liable for common law tort causes of action. (Def.'s Mot. at 4-6.)

In his opposition, Plaintiff concedes that the second, third, and fourth causes of action should be dismissed against the County. (Pl.'s Opp'n at 5-6; *see also* Pl.'s Proposed Order, Dkt. No. 23 at 11.) Thus, the only remaining issue to be decided is whether Plaintiff's first cause of action for excessive force pursuant to 42 U.S.C. § 1983 should be dismissed pursuant to Rule 12(b)(6).

#### A. First Cause of Action

Plaintiff's first cause of action alleges a Fourth Amendment excessive force claim pursuant to § 1983. (FAC ¶¶ 24-26.) This cause of action is alleged against "All Defendants." *Ids.*

Defendant argues that, while the first cause of action seeks to impose direct liability on the County for the alleged unconstitutional actions by peace officers employed by the Contra Costa County Sheriff's Office, it must be dismissed because Plaintiff fails to allege a plausible *Monell* claim. (Def.'s Mot. at 4-5.) Indeed, Plaintiff does not identify any facts that support that there was a departmental policy or custom that caused his injury. *See Bd. of Cty. Comm'rs of Bryan Cty, Okl. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)) (A plaintiff suing a municipality under § 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."). Instead, as Defendant states, "the cause of action looks like Plaintiff is attempting to seek liability against the County under a *respondeat superior* theory for the alleged actions of the sheriff's deputies, which is disallowed under *Monell*. (Def.'s

3

Mot. at 5.)

In opposition, Plaintiff argues that he has sufficiently alleged *Monell* liability, because the officers "violated basic tenants and widespread practices of the law enforcement community by the belligerent manner in which they approached a contained and compliant suspect, with such violations necessarily leading to [his] beating," which was ratified by the County for failing to discipline the officers. (Pl.'s Opp'n at 4.) Plaintiff further argues that if the officers' actions were due to a lack of training, the County is also subject to *Monell* liability. *Id.* While perhaps true, none of these allegations are contained in the first amended complaint. In fact, the first cause of action is completely devoid of even boilerplate allegations regarding municipal liability, which would **not** satisfy the *Iqbal-Twombly* pleading standards discussed above.

Plaintiff's argument that he should not be required to plead sufficient facts that, if true, would give rise to *Monell* liability, because he needs to conduct discovery, is unavailing. (*See* Pl.'s Opp'n at 5.) In the alternative, Plaintiff has wisely requested leave to amend the first cause of action should the undersigned grant the motion to dismiss. *Id.*

Accordingly, since Plaintiff has not alleged any facts to support his claim that there was a departmental policy or custom that caused his injury, the first cause of action is dismissed with leave to amend.

## IV. CONCLUSION

In light of the foregoing, the Court GRANTS Defendant Contra Costa County's motion to dismiss the first amended complaint. Specifically, the first cause of action against the County is dismissed with leave to amend, and the second, third, and fourth causes of action are dismissed without leave to amend.

Plaintiff shall file a second amended complaint within 14 days of this order.

IT IS SO ORDERED.

Dated: July 31, 2018

*[signature]*
KANDIS A. WESTMORE
United States Magistrate Judge